Mathew K. Higbee, Esq. SBN 241380
Ryan E. Carreon, Esq., SBN 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8373
(714) 597-6559 facsimile
Email: mhigbee@higbee.law
rcarreon@higbee.law

*Attorney for Plaintiff,*
SHANNA FISHER,

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNA FISHER | Case No. 2:23-cv-2352 |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| v. | **COPYRIGHT INFRINGEMENT** |
| MATTHEW TYLER MUSTO p/k/a BLACKBEAR; BEARTRAP LLC; BEARTRAP SOUND, INC; MOMENT HOUSE INC and DOES 1 through 10 inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff, Shanna Fisher alleges as follows:

### JURISDICTION AND VENUE

1.     This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

2.     This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3.     This Court has personal jurisdiction over Defendant because Defendant conducts business and/or resides within this judicial district, Defendant's acts of infringement complained of herein occurred in this judicial district, and Defendant caused injury to Plaintiff within this judicial district.

4.     Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendant resides and has a regular and established place of business in this judicial district.

## PARTIES

5.     Plaintiff Shanna Fisher ("Fisher") is an individual and professional photographer.

6.     Defendant Matthew Tyler Musto p/k/a blackbear ("Blackbear") is a professional musician and recording artist residing in the State of California.

7.     Defendant Beartrap LLC ("Beartrap") is a California Limited Liability Company.

8.     Defendant Beartrap Sound Inc ("BSI") is a Delaware Corporation with a principal place of business in the state of California at 10960 Wilshire Blvd., 5th Floor, Los Angeles, CA 90024.

9.     Defendant Moment House Inc. ("Moment House") is a Delaware Corporation with a principal place of business in the state of California at 1901 Old Middlefield Way #21, Mountain View, CA 94043.

10.    Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

11.    For the purposes of this Complaint, unless otherwise indicated,

"Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of the Defendants named in this caption.

## FACTUAL ALLEGATIONS

### *Plaintiff Shanna Fisher*

12.     Shanna Fisher is a Los Angeles based photographer who specializes in portraits, fashion, and editorial photography.

13.     Fisher's work has been featured in various magazines including *Boys by Girls Magazine*; *Euphoria Magazine*; *Composure*; and *Mae Jones*.

14.     In December 2019, Fisher photographed musical artist Blackbear.

15.     Fisher is the sole creator and exclusive rights holder to four original photographs of Blackbear that were featured in the August 2020 digital issue of Euphoria Magazine ("Magazine Photographs").

16.     Attached hereto as Exhibit A are true and correct copies of the Magazine Photographs.

17.     Fisher has registered the Magazine Images with the United States Copyright Office under registration VA 2-331-490.

### *Defendant Matthew Tyler Musto p/k/a blackbear*

18.     Defendant Matthew Tyler Musto p/k/a Blackbear ('Blackbear") is a professional musician, singer, songwriter, and producer.

19.     Blackbear has been nominated for Billboard Music Awards, iHeartRadio Music Awards, and MTV Music Awards.

20.     Blackbear's Youtube Channel has over 2.6 million subscribers and Blackbear's Spotify Page has over fourteen million monthly listeners.

21.     On August 21, 2020, Blackbear released the album "Everything Means Nothing" (the "Album").

22.     On October 21, 2020, Blackbear performed a virtual concert, live-streamed from The Hollywood Roosevelt Hotel in Los Angeles (the "Concert")

where Blackbear performed songs from the Album as part of the promotion for its release.

### Defendants Beartrap LLC and Beartrap Sound Inc.

23.     Upon information and belief, Defendants Beartrap LLC and Beartrap Sound Inc are record labels and production companies that are owned and operated by Defendant Blackbear.

24.     Defendants Beartrap and BSI are responsible for the production and release of Defendant Blackbear's Album and the subsequent promotion of the Album.

### Defendant Moment House Inc

25.     Defendant Moment House Inc., is a digital ticketing website that assists artists in planning and coordinating ticketed events, which includes promoting the events and producing, advertising, and selling the tickets themselves as well as event specific merchandise. *See generally* https://www.moment.co/.

26.     In September 2020, Defendant Moment House advertised and sold tickets to the Concert, which was livestreamed by Moment House on October 21, 2020.

27.     As part of Moment House's involvement in the sale of ticket and livestreaming of the concert, Moment House sold exclusive merchandise on behalf of Blackbear.

28.     Defendant Blackbear, Beartrap, BSI, and Moment House will collectively be referred to as the "Defendants".

### Defendants' Infringing Conduct

29.     On July 23, 2020, a representative for the Defendants reached out to Fisher in order to purchase images from Fisher from her photoshoot of Defendant Blackbear.

30.     Fisher indicated to the representative that she would need additional information regarding how Defendants wanted to use the requested images in order

to provide a licensing quote to Defendants.

31.   Fisher did not hear back from the Defendants' representative, but followed up with the representative on August 20, 2020 and provided the representative with the contact information for her licensing agent.

32.   On April 7, 2021, Fisher discovered that 4 of her original Magazine Photographs had been copied and printed on various products that were sold by Defendants in conjunction with Defendant Blackbear's Concert.

33.   Fisher's original Magazine Photographs were copied, published, and sold on t-shirts, sweatshirts, hats, and posters (the "Infringing Merchandise") by the Defendants as "exclusive merchandise".

34.   Attached hereto as Exhibit B are true and correct copies of the Infringing Merchandise as advertised and sold by the Defendants.

35.   The Infringing Merchandise was sold individually and as "bundles", with the prices ranging from $10 for the poster and up to $140 for the bundle.

36.   Shortly after discovering the Infringing Merchandise, Fisher, through counsel, reached out to the Defendants and attempted to resolve this matter without court intervention.

37.   As the parties attempted to resolve the matter, Fisher discovered that two of the Magazine Photographs had also been used as the profile picture and banner photographs for Defendant Blackbear's official Spotify, Shazam, and lost.fm artist pages ("Streaming Website Infringements").

38.   Attached hereto as Exhibit C are true and correct copies of the two Magazine Photographs as used in the Streaming Website Infringements.

39.   Additionally, one of the Magazine Photographs was also used as part of the single artwork for Dixie D'Amelio's "Be Happy (feat. Blackbear)[Remix]" (the "Single Infringement").

40.   Attached hereto as Exhibit D are true and correct copies of the Magazine Photograph as used in the Single Infringement.

41.   Fisher, through counsel, then brought the Streaming Website Infringement and the Single Infringement to the Defendants' attention in order to resolve all claims at once.

42.   After Fisher brought the Streaming Website Infringement and the Single Infringement to the Defendants' attention, the Defendants ceased communication with Fisher's attorneys.

43.   Fisher does not have record of the Magazine Photographs being licensed to Defendants nor had Fisher granted permission for Defendants to make copies, publicly display, or to produce and sell the Infringing Merchandise, or make copies and publicly display the Magazine Photographs in the Streaming Website Infringement or Single Infringement (collectively, the "Infringing Posts").

44.   On information and belief, Defendants' use of the Magazine Photographs was deliberate and willful because it knew or should have known that it did not purchase a license to use the Magazine Photographs.

**CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101 *et seq.***

45.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Magazine Photographs.

46.   Plaintiff is informed and believes and thereon alleges that the Defendants willfully infringed upon Plaintiff's copyrighted Magazine Photographs in violation of Title 17 of the U.S. Code, in that it used, published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Magazine Photographs of the Plaintiff without Plaintiff's consent or authority, and acquired monetary gain and market benefit as a result.

47.   Specifically, Defendants made unauthorized copies and then publicly

displayed the Magazine Photographs with the Infringing Photographs and advertised and sold the Infringing Merchandise without Plaintiff's consent.

48.     As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 if willful or up to $30,000 if unintentional pursuant to 17 U.S.C. § 504(c).

49.     Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of her copyright pursuant to 17 U.S.C. § 502.


## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

•     For an order preliminarily and permanently enjoining Defendants and their officers, agents, servants, employees, and representatives, and all persons in active concert or participation with Defendants from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction of Plaintiff's copyrighted works without prior authorization;

•     For a seizure order directing the U.S. Marshal to seize and impound all items possessed, owned or under the control of Defendants, their officers, agents, servants, employees, representatives and attorneys, and all persons in active concert or participation with them, which infringe upon Plaintiff's copyrights, including but not limited to any and all broadcasting materials, advertising materials, print media, signs, Internet web sites, domain names, computer hard drives, servers or any other media, either now known or hereafter devised, bearing any image which infringes, contributorily infringe, or vicariously infringes upon Plaintiff's copyrights as well as all business records related thereto, including, but not limited to, lists of advertisers, clients, customers, viewers, distributors, invoices, catalogs, and the like;

•     For an award of actual damages and disgorgement of all of Defendants' profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be

proven or, in the alternative, at Plaintiff's election and if available, an award for statutory damages against Defendants in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

- For costs of litigation and reasonable attorney's fees against Defendants pursuant to 17 U.S.C. § 505;

- For pre judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.


Dated: March 29, 2023                    Respectfully submitted,

                                         **/s/ Mathew K. Higbee**
                                         Mathew K. Higbee, Esq.
                                         Cal. Bar No. 241380
                                         **HIGBEE & ASSOCIATES**
                                         1504 Brookhollow Dr., Ste 112
                                         Santa Ana, CA 92705-5418
                                         (714) 617-8373
                                         (714) 597-6559 facsimile
                                         *Counsel for Plaintiff*

**COMPLAINT**

## **DEMAND FOR JURY TRIAL**

Plaintiff, Shanna Fisher hereby demands a trial by jury in the above matter.

Dated: March 29, 2023                    Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8373
(714) 597-6559 facsimile
*Counsel for Plaintiff*

**COMPLAINT**